IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TROY L. BURRELL, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:15CV710–HEH
)
LT. ANDERSON, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

Troy L. Burrell, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Complaint, Burrell contends that Defendants Lt. Anderson and Lt. Williams ("Defendants") violated his Eighth Amendment rights during his incarceration in the Middle Peninsula Regional Jail ("MPRJ"). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a

2

cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Burrell alleges:[2]

> On 1-21-15, the time was around 4:30 or 5:00 p.m. I witnessed and was exposed to a Mr. Lt. Anderson with both of his hands choking an inmate. The inmate's name was Mr. Wusy Dumbuya. There was no cause for such a reprehensible attack on one's person. Civil rights and procedures were violations. People's rights to be protected were violated. Safety right and the 14, 13, etc. Amendments were violations. In the way those and

---

[2] The Court corrects the punctuation, spelling, capitalization, and adds paragraph formatting in the quotations from the Complaint. The Court employs the page numbering assigned by the CM/ECF docketing system.

3

other human rights were violated . . . harmed me mentally. This happened right in front of me! Being forced to seeing that scene harmed me greatly! Seeing this over and over in my mind! Hearing and seeing a human being making sounds of trying to breath for air. The seemingly look on his face of saying please don't kill me! For some people like me, w/ my kind of mental illness. I have seen a traumatic harm being done to someone. All of a sudden, etc. I have a disorder w/ P.T.S.D. symptoms. This kind of pain and suffering will be ongoing harm. This was an unnecessary evil, selfish act.

    I would like to see my own mental health doctors at home to get the right start of help and concern care. I've requested help here at the jail now to see a mental health pys. doctor etc.

    I am requesting to be please compensated for ongoing harms, etc.

    As I've written [in] this Complaint, I feel the pain of a human being trying to save himself, etc. etc. etc.

    Lt. Williams just stood there knowing that Lt. Anderson was out of control.

(Compl. 4–5, ECF No. 1.) Burrell requests monetary damages.

### III.   ANALYSIS

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or

emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Burrell argues that he was subjected to mental harm when he observed Defendant Anderson choking an inmate. Burrell faults Defendant Williams for observing Defendant Anderson choking the inmate, but taking no action. With respect to the objective component, Burrell fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury, resulting from observing this purported act. Burrell claims that he suffered mental anguish and that observing this will be an "ongoing harm" because he suffers from a pre-existing mental disorder. However, Burrell wholly fails to allege facts indicating that he actually sustained a "serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta*, 330 F.3d at 634 (citation omitted); *see Shrader v. White*, 761 F.2d 975, 979 (4th Cir. 1985) (holding that "before pain of a constitutional magnitude can be said to exist, there must be evidence of a serious mental and emotional deterioration attributable to" the challenged condition). Burrell's assertion that he suffered mental anguish or emotional distress fails to satisfy the Eighth Amendment's objective component. *Torres v. O'Quinn*, No. 7:06CV00576, 2006 WL 2850642, at *2 (W.D. Va. Sept. 29, 2006) (alteration in original) (some quotation marks omitted) (explaining that "[d]epression and anxiety are unfortunate concomitants of incarceration; they do not however, typically constitute the extreme deprivations . . . required to make out a conditions-of-confinement claim" (citing *In re Long Term Administrative Segregation of Inmates Designated As Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999))). Burrell fails to satisfy the objective component of the Eighth Amendment, and for this reason alone, his claim fails.

Additionally, for the subjective component, Burrell fails to allege facts indicating that the Defendants knew of and disregarded a substantial risk of serious harm to Burrell. *Farmer*, 511 U.S. at 847. Burrell claims that he observed Defendant Anderson involved in a physical altercation with an inmate. Burrell contends that through this observation alone, he suffered mental harm. Burrell provides no indication that he placed Defendants on sufficient notice of an "excessive risk" of harm to *his* health or safety and they ignored this risk. *Id.* at 837. Given that deficiency, Burrell fails to allege an Eighth Amendment claim.[3]

## IV. CONCLUSION

Accordingly, Burrell's claim and the action will be dismissed for failure to state a claim and as legally frivolous. The Clerk shall be directed to note the disposition of this action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 19, 2016
Richmond, Virginia

---

[3] Burrell briefly mentions the Thirteenth and Fourteenth Amendment but fails to allege any facts supporting a claim under either Amendment.